UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)
OKIN HOLLANDER LLC
Glenpointe Centre West, 2nd Floor
500 Frank W. Burr Blvd., Suite 40
Teaneck, NJ 07666
T: 201-947-7500
F: 201-947-2663
Paul S. Hollander, Esq.
phollander@okinhollander.com
Margreta M. Morgulas, Esq.
mmorgulas@okinhollander.com

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
T: 212-756-2000
F: 212-593-5955
Adam C. Harris, Esq.
Adam.Harris@srz.com

Co-Counsel for MGG Investment Group LP

Order Filed on October 9, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| In re: | Case No. 20-20524 (VFP) |
|---|---|
| ZAYAT STABLES, LLC,<br>               Alleged Debtor. | *Involuntary* Chapter 7<br>Judge: Hon. Vincent F. Papalia |

**ORDER (I) GRANTING MOTION OF MGG INVESTMENT GROUP LP EXCUSING DULY APPOINTED STATE COURT RECEIVER FROM COMPLIANCE WITH THE REQUIREMENTS OF BANKRUPTCY CODE SECTION 543(b) [DKT. NO. 18] (THE "MOTION"); (II) GRANTING ADDITIONAL RELATED RELIEF REQUESTED IN THE MOTION; AND (III) PROVIDING FOR THE RESERVATION OF CERTAIN RIGHTS WITH RESPECT TO A CHAPTER 7 TRUSTEE APPOINTED IN THE ZAYAT STABLES INVOLUNTARY CHAPTER 7 CASE**

The Relief set forth on the following pages, numbered 7 through 15, is hereby **ORDERED**.

DATED: October 9, 2020

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

THIS MATTER having come before the Court upon (1) the motion of MGG Investment Group LP ("MGG") seeking the entry of an order: (a) excusing Elizabeth Woodward, the Receiver for Zayat Stables[1] appointed by the Commonwealth of Kentucky, Fayette Circuit Court (the "**Receiver**") from compliance with the requirements of Bankruptcy Code Section 543(b); (b) during the "Gap Period," allowing the Receiver to continue to use the cash proceeds of MGG's Collateral[2] (the "**Cash Collateral**") and permitting MGG to continue to make, and the Receiver to accept, discretionary protective advances from MGG (in each case consistent with and to be governed by MGG's rights as a secured creditor under the Loan Documents[3]), each as may be necessary to fund the ordinary course operations of the receivership and to preserve the Collateral until the Receiver completes the liquidation thereof; (c) granting limited relief from the automatic stay provisions of the Bankruptcy Code as and to the extent necessary to implement the relief sought thereby (the "**Motion**"); and (d) denying, or in the alternative, modifying the relief requested by the Petitioning Creditors in their motion seeking the appointment in the Zayat Involuntary Chapter 7 Case of an interim trustee, whether appointed in the "Gap Period" or thereafter (in either case, an "**Interim Trustee**") [Dkt. No. 18] (the "**Interim Trustee Motion**") and (2) the Receiver's Combined Response to Motion to Appoint an Interim Trustee and Motion

---

[1] For purposes of this order (the "**Order**"), Zayat Stables shall refer to Zayat Stables LLC or the Alleged Debtor during the "Gap Period," and following the entry of an Order for Relief (as hereinafter defined), shall refer to Zayat Stables LLC as a chapter 7 Debtor. To the extent this Order is entered prior to the entry of an Order for Relief, this Order is intended to set forth the rights of the parties during the "Gap Period" and following the entry of an Order for Relief, shall remain in full force and effect and apply prospectively to set forth the rights of all parties in the Zayat Involuntary Chapter 7 Case, including any Interim Trustee or Chapter 7 Trustee (as hereinafter defined)appointed therein.

[2] The reference to "Collateral" in this Order is not intended to expand the definition of "Collateral" in the Loan Documents to include Chapter 7 avoidance causes of action to the extent not already encompassed thereby under applicable law. For the avoidance of doubt, this Order is not intended to resolve any issues as to whether avoidance causes of action under the Bankruptcy Code are or are not included in the definition of Collateral or encompassed by MGG's Liens under applicable law, and those issues are reserved.

[3] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion (as hereinafter defined) or the Loan Documents (as defined in the Motion), as applicable.

Compliance (the "**Receiver's Response**") and no objection or other reply to the Motion or the Receiver's Response having been filed; and the Petitioning Creditors and Donald V. Biase, the Chapter 7 trustee (the "**Voluntary Chapter 7 Trustee**") appointed in the voluntary Chapter 7 bankruptcy proceeding of Ahmed Zayat, Case No. 20-20387 (VFP) (the "**Zayat Voluntary Chapter 7 Case**") having been timely served with the Motion, and the Petitioning Creditors having participated in a status conference (the "**Status Conference**") held on September 18, 2020, and having agreed to a briefing schedule set by the Court during the Status Conference; and the Court having considered the Motion and the Receiver's Response and the evidence submitted or adduced and the arguments of counsel made at the hearing held on October 6, 2020 (the "**Hearing**"); and the Hearing to consider the relief requested in the Motion having been held and concluded; and the Petitioning Creditors and the Voluntary Chapter 7 trustee in his capacity as the successor in interest to the membership interests in Zayat Stables having consented on the record to the entry of an Order for Relief with respect to the Zayat Involuntary Chapter 7 Case; and the Petitioning Creditors and the Voluntary Chapter 7 Trustee having consented to the form and entry of this Order; and the Court having scheduled a final hearing (a "**Final Hearing**") to afford an Interim Trustee or a trustee appointed on a permanent basis in the Zayat Stables Involuntary Chapter 7 Case (an "**Involuntary Chapter 7 Trustee**") the ability to address the issues reserved for in paragraph 9 hereof; and it appearing to the Court that granting the relief requested in the Motion and the Receiver's Response, as hereinafter set forth, is necessary to avoid immediate and irreparable harm to Zayat Stables and its creditors, and is otherwise fair and reasonable and in the best interests of Zayat Stables, the Petitioning Creditors and other creditors, and is essential for the continued operation of the receivership and the orderly liquidation

of the Collateral; and after due deliberation and consideration, and good and sufficient cause appearing therefor;

BASED UPON THE RECORD ESTABLISHED AT THE HEARING, THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT) AND CONCLUSIONS OF LAW (COLLECTIVELY, THE "**FINDINGS OF FACT AND CONCLUSIONS OF LAW**"):

A. *Involuntary Petition Date*. On September 14, 2020 (the "**Involuntary Petition Date**"), US Elite LLC, Joseph Bodner and Steven Keefer (together, the "**Petitioning Creditors**") filed an involuntary chapter 7 petition against Zayat Stables, LLC pursuant to Bankruptcy Code Section 303(b), which involuntary proceeding was assigned Case No. 20-20524 (VFP) (the "**Zayat Involuntary Chapter 7 Case**"). As of October 8, 2020, no order for relief (an "**Order for Relief**") has been entered, and no Interim Trustee or Involuntary Chapter 7 Trustee has been appointed in the Zayat Involuntary Chapter 7 Case.

B. *Jurisdiction and Venue*. The Court has jurisdiction, pursuant to 28 U.S.C. §§ 157(b) and 1334, over these proceedings, and over the persons and property affected hereby. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). Venue for the case and proceedings on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

C. *Qualifications of the Receiver*. The Court, having reviewed the record, determines that the Receiver took possession of the assets of Zayat Stables on or about January 22, 2020. The Court further finds that the Receiver and her consultant are qualified to maintain the assets of Zayat Stables and liquidate the Collateral in a manner that is in the best interest of the creditors in this case.

D. *Continued Need for Funding*.  The Receiver's ability to continue to administer the assets of Zayat Stables and liquidate the Collateral is immediate and critical in order to preserve the value of the Collateral pending the orderly sale and liquidation thereof. The only option that has provided, and would continue to provide, the Receiver with the ability to continue to administer the assets of Zayat Stables and to fund the ordinary course operations of the receivership as she completes the liquidation of the Collateral, is the continued availability of funding from MGG through the approved use of MGG's Cash Collateral and discretionary protective advances from MGG, the absence of which would immediately and irreparably harm the receivership and creditors of Zayat Stables.  The Receiver does not have working capital or other sources of funding that may be used to continue to operate the business of Zayat Stables in the ordinary course or to maintain the Collateral pending the liquidation thereof without continued access to MGG's Cash Collateral and discretionary protective advances.

E. *No Credit Available on More Favorable Terms*.  The receivership is unable to obtain financing from sources other than MGG or on terms more favorable than those set forth herein. The Receiver is unable to obtain unsecured credit allowable under Bankruptcy Code Sections 364(a) and (b) and 503(b)(1) as an administrative expense.  The Receiver is also unable to obtain credit: (a) having priority over that of administrative expenses of the kind specified in Sections 503(b), 507(a) and 507(b) of the Bankruptcy Code; (b) secured by a lien on property of the receivership that is not otherwise subject to a lien; or (c) secured solely by a junior lien on property of the receivership that is subject to a lien.

F. *Use of Cash Collateral/Discretionary Protective Advances*. As a condition to MGG agreeing to permit the Receiver to continue to fund reasonable and necessary operations of the receivership, MGG requires, and the Receiver has agreed, that MGG's Cash Collateral and discretionary protective advances shall continue to be used solely for the payment of ordinary and necessary expenses of the receivership, pursuant to and consistent with all of MGG's rights as a secured creditor under the Loan Documents and the terms of this Order.

G. *Interests of Creditors Better Served By Receiver*. Pursuant to Bankruptcy Code Section 543(d)(1), the interests of creditors would be better served by permitting the Receiver to continue in possession, custody and control of the remaining Collateral in order to complete the liquidation thereof, in accordance with the Receiver Order (as hereinafter defined) and this Order. The Receiver qualifies as a "custodian" for purposes of Bankruptcy Code Section 543(d)(1).

H. *Preservation of MGG's Interests*. Insofar as the Receiver (i) is unable to obtain credit on behalf of the receivership from any source other than MGG, (ii) cannot provide MGG with any form of adequate protection related to the use of MGG's Cash Collateral or discretionary protective advances, and (iii) requires MGG's consent to the use of MGG's Cash Collateral and discretionary protective advances, in accordance with the terms of this Order, MGG is entitled to the continuing and uninterrupted protection of its Liens (collectively, the "**Liens**"), security interests and other rights under the Loan Documents to the extent that MGG's Cash Collateral and discretionary protective advances are required in order to fund the continued operation of the receivership, administer the remaining assets, and liquidate the Collateral.

I. *MGG's Good Faith.* The terms and conditions under which MGG has agreed to permit the Receiver use of its Cash Collateral and discretionary protective advances to fund the ordinary and necessary expenses of the receivership as the Receiver administers the assets and completes the liquidation of the Collateral (a) are fair, reasonable, and the best available to the Receiver under the circumstances, (b) reflect the Receiver's exercise of prudent business judgment consistent with her fiduciary duties, (c) is supported by reasonably equivalent value and fair consideration, and (d) were negotiated in good faith.

J. *Notice.* Notice of the Hearing and the relief requested in the Motion have been provided by MGG to counsel for the Petitioning Creditors, counsel for Ahmed Zayat, counsel for the Voluntary Chapter 7 Trustee, the Office of the United States Trustee, counsel for the Receiver, and all persons or entities that have requested notice in the Zayat Involuntary Chapter 7 Case, whether by email, overnight courier or hand delivery, as set forth in the Certificate of Service, dated September 30, 2020 on file with the Court [Dkt. No. 24]. MGG has made reasonable efforts to afford the best notice of the Hearing possible under the circumstances and such notice is good and sufficient to permit the relief set forth in this Order, and no other or further notice is or shall be required.

K. *Final Hearing.* Paragraph 13 of this Order schedules a Final Hearing with respect to those limited matters reserved for in paragraphs 9 and 11 herein and the entry of a Final Order with respect to such matters (the "Final Order"), and notice of such Final Hearing is good and sufficient notice, and no other or further notice is or shall be required.

Based upon the foregoing findings and conclusions, the Motion and the record before the Court with respect to the Motion, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Motion is granted as set forth herein.

2. <u>Continued Performance of the Receiver</u>. Pending further order of the Court at a Final Hearing, the Receiver's continued performance pursuant to and consistent with the Order Appointing Receiver dated January 22, 2020 and the Order Modifying Order Appointing Receiver dated March 9, 2020 (together, the "**Receiver Order**") is approved. The Receiver shall continue to be vested with such power and authority provided for under the Receiver Order and is authorized to continue to perform, incur and undertake all ordinary and necessary duties with respect to the operation of the receivership, the administration of the remaining Collateral, and the liquidation of the Collateral, all as set forth in the Receiver Order, in accordance with the terms set forth therein and herein. The Receiver shall file on the docket in the Zayat Involuntary Chapter 7 Case, copies of all reports prepared in accordance with the terms of the Receiver Order, and shall serve copies of same on the Voluntary Chapter 7 Trustee. Further, the Receiver shall provide the Voluntary Chapter 7 Trustee and the Involuntary Chapter 7 Trustee reasonable access to, or complete copies of, those books and records of Zayat Stables that were previously turned over to the Receiver; it being understood that the Receiver makes no representation as to whether the books and records turned over pursuant to the Receiver Order represent full and complete copies of all books and records previously in the possession and control of Zayat Stables and/or its retained professionals. All parties are hereby directed to cooperate in good faith and not to interfere with the duties that the Receiver is authorized to perform in accordance with the Receiver Order and this Order. Pending further order of the Court at a Final Hearing, any Interim Trustee, or any Involuntary

8

Chapter 7 Trustee (as applicable), shall perform its duties in a manner otherwise consistent with this Order, and shall not interfere with the duties delegated to the Receiver pursuant to the Receiver Order and this Order.

3. <u>Receiver's Excusal from Compliance with Bankruptcy Code 543(b)</u>. Pending further Order of the Court at a Final Hearing, the Receiver is hereby excused from compliance with the requirements of Bankruptcy Code Section 543(b) and is directed to continue her work of maintaining and liquidating the Collateral of Zayat Stables in the manner that she has employed in the receivership.

4. <u>Use of MGG's Cash Collateral and Discretionary Protective Advances</u>. Pending further Order of the Court at a Final Hearing, the Receiver, in her capacity as such, is hereby authorized and directed to administer the operations of Zayat Stables and to liquidate the Collateral pursuant to and consistent with the Receiver Order, and in connection therewith, is authorized to use MGG's Cash Collateral and discretionary protective advances (each subject to the consent of MGG), for the limited purpose of funding the ordinary course operations of the receivership, and the ordinary and necessary expenses related to the liquidation of the Collateral consistent with past practices.

5. <u>Protection of MGG as a Secured Party</u>. Pending further Order of the Court at a Final Hearing (i) the Receiver is authorized to continue to use MGG's Cash Collateral, and (ii) MGG is authorized to continue to make, and the Receiver is permitted to continue to accept, discretionary protective advances from MGG, subject to and consistent with all of MGG's continuing and uninterrupted Liens to the extent of the status of such Liens as of the Involuntary Petition Date against, and rights to, the Collateral and the proceeds of the Collateral pursuant to the Loan Documents, to the extent necessary to fund the ordinary course operations of the

receivership and to preserve the Collateral until the Receiver completes the liquidation thereof. The Receiver's use of MGG's Cash Collateral and discretionary protective advances shall continue to be governed in all respects by MGG's rights as a secured creditor under the Loan Documents.

6. <u>Use of Proceeds</u>.  Pending further Order of the Court at a Final Hearing, as a condition to MGG agreeing to continue to allow the Receiver to use MGG's Cash Collateral and discretionary protective advances to fund the ordinary and necessary expenses of the receivership, MGG requires, and the Receiver has agreed, that the proceeds of the Collateral shall continue to be used solely for the limited purpose of funding the ordinary course operations of the receivership in order to administer and liquidate the remaining Collateral.  Pending further Order of the Court at a Final Hearing, the Receiver is hereby directed to continue to hold, subject to MGG's rights as provided for in the Loan Documents and herein, any and all proceeds of the Collateral that are not used to fund the ordinary and necessary expenses of the receivership.

7. <u>Obligations</u>.  Pending further Order of the Court at a Final Hearing, all Obligations incurred after the Involuntary Petition Date and through the date of a Final Hearing, in accordance with the Loan Documents and this Order shall be fully earned and payable in accordance with the terms of the Loan Documents and this Order, and shall represent valid and binding Obligations of the estate of Zayat Stables and any successors thereto, including, without limitation, any Interim Trustee, Involuntary Chapter 7 Trustee or other estate representative appointed in this case.

8. <u>Modification of Automatic Stay</u>.  Pending further Order of the Court at a Final Hearing, the automatic stay imposed under Bankruptcy Code Section 362(a) shall be and hereby is modified as and to the extent necessary to effectuate all of the terms and provisions of this Order.

9. <u>Reservation of Rights</u>.

(a) This Order shall be sufficient and conclusive evidence of the existence of MGG's continuing and uninterrupted Liens against the Collateral as provided for in the Loan Documents without the necessity of filing or recording any financing statement, mortgage, notice or other instrument or document that may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to establish the existence of such Liens to the extent of the status of such Liens as of the Involuntary Petition Date. Notwithstanding the foregoing, the terms of this Order remain subject to the rights of an Involuntary Chapter 7 Trustee to examine, investigate, and challenge the priority, validity, enforceability and perfection of the Obligations, Liens, and other rights secured by the Collateral under the Loan Documents, and MGG's rights with respect to the Collateral (including Cash Collateral), as further provided for in a Final Order (collectively, the "**Reserved Rights of an Involuntary Chapter 7 Trustee**"). Notwithstanding the preceding sentence of this paragraph 9(a) or any contrary provision in paragraph 11 hereof, nothing in this Order shall affect MGG's rights with respect to the Receiver's continued use of Cash Collateral and/or MGG's making of, and the Receiver's use of discretionary protective advances, which shall be governed in all respects (as and to the same extent that such advances are made to the Receiver) in accordance with the Loan Documents.

(b) Except as otherwise provided for in this Order (or as may hereafter be provided for in a Final Order), the Voluntary Chapter 7 Trustee is reserving and not waiving such rights and claims, including claims under the Bankruptcy Code, if any, as he has or may have in the Zayat Involuntary Chapter 7 Case, and all other parties are reserving such rights claims and defenses as they have or may have in response thereto or in the Zayat Voluntary Chapter 7 Case.

10. <u>Effect of Order</u>.  The relief set forth in this Order is and shall be effective from the Involuntary Petition Date forward and shall continue in full force and effect through the completion of a Final Hearing and thereafter, to the extent provided for in a Final Order.

11. <u>Effect of Order for Relief</u>.  To the extent this Order is entered by the Court prior to the entry of an Order for Relief in the Zayat Involuntary Chapter 7 Case, this Order shall, subject to its terms, remain in full force and effect following the entry of such Order for Relief, and shall thereafter continue to govern the rights of, and be binding on, all parties, including the Voluntary Chapter 7 Trustee and any Interim Trustee or Involuntary Chapter 7 Trustee; <u>except, however,</u> that as to any Interim Trustee or Involuntary Chapter 7 Trustee, this Order shall be interim and not final as to such rights as he or she may have to challenge the continuation and/or finality of the terms, conditions, and provisions of this Order solely with respect to (i) the continued excusal of the Receiver's compliance with Section 543(b) of the Bankruptcy Code as set forth in paragraph 3 herein; (ii) the Reserved Rights of an Involuntary Chapter 7 Trustee set forth in paragraph 9 hereof; and (iii) the Findings of Fact and Conclusions of Law set forth herein, to the extent that such Findings of Fact and Conclusions of Law remain applicable prospectively to the period from and after the date of the Final Hearing, as to which an Interim Trustee or Involuntary Chapter 7 Trustee reserve all rights, claims and causes of action, subject to further Order of the Court at a Final Hearing.

12. <u>Modifications and Amendments</u>.  Any material modifications and amendments to this Order shall be by application filed with the Court, on advance notice provided to counsel for the Petitioning Creditors, counsel for MGG, any Interim Trustee or Involuntary Chapter 7 Trustee, the United States Trustee and any party requesting notice of all proceedings.

13. <u>Final Hearing</u>. The Final Hearing to consider entry of the Final Order is scheduled for November 12, 2020 at 2:30 p.m. (EST) before the Honorable Vincent F. Papalia, United States Bankruptcy Judge, 3rd Floor, Courtroom 3B, at the United States Bankruptcy Court for the District of New Jersey, 50 Walnut Street, Newark, New Jersey 07102.

14. <u>Notice of Final Hearing</u>. On or before October 14, 2020, MGG shall serve a copy of this Order on counsel for the Petitioning Creditors, counsel for Ahmed Zayat, counsel for the Voluntary Chapter 7 Trustee, the Office of the United States Trustee, counsel for the Receiver, any Interim Trustee or Involuntary Chapter 7 Trustee (as applicable), and all persons or entities that have requested notice in the Zayat Involuntary Chapter 7 Case (collectively, the "**Notice Parties**"), whether by email, overnight courier or hand delivery.

15. <u>Objection Deadline</u>. Objections, if any, to entry of a Final Order (collectively, "**Objections**") shall be in writing, shall set forth with particularity the grounds for such Objections or other statements of position, shall be filed with the Clerk of the Court in accordance with the Local Rules and the Court's guidelines by November 5, 2020, and shall be served upon the Notice Parties and MGG. Responses, if any, to such Objection(s) shall be in writing, shall be filed with the Clerk of the Court in accordance with the Local Rules and the Court's guidelines by November 9, 2020, and shall be served on the Notice Parties and MGG. To the extent that an Interim Trustee or Involuntary Chapter 7 Trustee files an Objection to entry of the Final Order, MGG hereby reserves its right to file a Response seeking, without limitation, relief from the automatic stay provisions set forth in Section 362(a) of the Bankruptcy Code (a "**Motion for Stay Relief**"), and this Order shall constitute good and sufficient authority for the scheduling of such hearing on the Motion for Stay Relief on the same date and at the same time as the Final Hearing. Any opposition to a Motion for Stay Relief shall be filed with the Court and served on the Notice Parties and MGG by November 11, 2020 at 5:00pm.

16. <u>Adjustment to Scheduled Dates.</u> The scheduling dates set forth in paragraphs 13 through 15 hereof may be modified pursuant to a scheduling conference that any party in interest may request from the Court (a "**Scheduling Conference**"). Any Scheduling Conference, and any adjustments to the dates set forth herein, shall be made on notice to the Notice Parties and MGG.

17. <u>No Waiver by Failure to Seek Relief.</u> Any failure of MGG to seek relief or otherwise exercise its rights and remedies under this Order, the Loan Documents or applicable law, as the case may be, shall not constitute a waiver of any of the rights hereunder, thereunder or otherwise of MGG.

18. <u>Binding Effect of Order.</u> Subject to the exceptions set forth in subclauses (i), (ii) and (iii) of paragraph 11 above, immediately upon entry of this Order (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Order shall become valid and binding on the Receiver, Zayat Stables, the Petitioning Creditors, all creditors and equity holders of the receivership, the U.S. Trustee and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in the case, any successor case, or upon dismissal of the case or any successor case.

19. <u>Survival.</u> Any dismissal or conversion of this case to a proceeding under another chapter of the Bankruptcy Code shall not impair the rights provided for in this Order, which shall remain in full force and effect.

20. <u>Effect of this Order.</u> This Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and shall take effect immediately, notwithstanding anything to the contrary proscribed by applicable law.

21. <u>Retention of Jurisdiction</u>.  The Court has and will retain jurisdiction to enforce this Order according to its terms.