Order Filed on August 24, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| In Re: | Case No.: 20-20524 (VFP) |
| ZAYAT STABLES, LLC, | Chapter: 7 |
| Debtor. | Judge: Vincent F. Papalia |

## ORDER AND OPINION CONCERNING PRODUCTION, USE AND TREATMENT OF DEBTOR'S ESI

The relief set forth on the following pages, numbered two (2) through eleven (11) is hereby **ORDERED**.

**DATED: August 24, 2021**

Honorable Vincent F. Papalia
**United States Bankruptcy Judge**

Page 2
Case:       Zayat Stables, LLC
Case No.:   20-20524 (VFP) (Chapter 7)
Re:         Order and Opinion Concerning Production, Use and Treatment of Debtor's ESI

---

This Order and Opinion is entered in furtherance of the June 3, 2021 Consent Order Concerning the Chapter 7 Trustee's ("Stables Trustee") Motion to Compel Turnover (the "Turnover Motion") of the Debtor's Cloud Storage System to the Stables Trustee and Directing Cooperation with the Stables Trustee's Professionals (the "Turnover Consent Order").[1] The Turnover Consent Order granted initial interim relief with respect to the Turnover Motion and generally provided for the respective information technology consultants for the Stables Trustee and the Zayat family to obtain and create mirror images of the Debtor's emails, documents and other information contained on the Debtor's Cloud and other electronic devices in the possession of the Stables Trustee, which he obtained from the Debtor's former business premises (defined as the "Other Electronic Devices" in the Turnover Consent Order).

The stated purpose of such mirror imaging was to ensure the preservation of such emails, documents, data and other information as interim relief, with the review, production, and use of the mirror images of the Debtor's Cloud and Other Electronic Devices initially limited to extent provided in the Turnover Consent Order. The Turnover Consent Order contemplated that the parties would attempt to negotiate a further consent order governing the review, production and use of such information. The parties advised the Court that they were unable to agree upon the procedures for the further access, review, examination, analysis and use of such mirror images and have requested and agreed that the Court should make that determination on the basis of the submissions of the parties to date.

---

[1] Other than as expressly defined herein, capitalized terms shall have the same meaning as set forth in the Turnover Consent Order and Motion. The term Zayat Family Members shall mean the Zayat Family Members identified in the August 17, 2011 letter from their counsel in connection with this proceeding (Dkt. No. 120).

Page 3
Case:       Zayat Stables, LLC
Case No.:   20-20524 (VFP) (Chapter 7)
Re:         Order and Opinion Concerning Production, Use and Treatment of Debtor's ESI

The Court has reviewed the submissions made on behalf of the Stables Trustee, the individual Debtor, Ahmed A. Zayat (the "Individual Debtor" or "Mr. Zayat"), the Zayat Family Members, Donald V. Biase, the Individual Debtor's Chapter 7 Trustee (the "Individual Trustee"), and MGG Investment Group LP ("MGG"), as well as the multiple and divergent forms of Order submitted by certain parties, and the statements of the parties at various hearings and conferences during which the remaining issues underlying the Turnover Motion were discussed. The Court has considered the relevant case law and other authorities included with the parties' submissions. No party disputed the applicable law as set forth by the Stables Trustee, which no party has disputed. Accordingly, the Court finds and determines as is set forth below.

> A. The Information on the Debtor's Cloud and Other Electronic Devices is Property of the Estate That the Debtor is Required to Surrender and Turn Over to the Stables Trustee

Property of the estate is broadly defined and construed to consist of "all legal and equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1). *See generally United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-06 (1983). Consistent with this broad definition, the Supreme Court has held that: "Upon commencement of a case in bankruptcy, all corporate property passes to an estate represented by the trustee." *Commodity Futures Trading Comm. v. Weintraub*, 471 U.S. 343, 352 (1985). To allow the trustee to perform his or her duties, section 521(a)(4) of the Bankruptcy Code *requires* the debtor in a Chapter 7 case to:

> surrender to the trustee all property of the estate *and any recorded information, including books, documents, records and papers, relating to property of estate,* whether or not immunity is granted under section 344 of the title.

11 U.S.C. § 521(a)(4) (emphasis supplied).

Case 20-20524-VFP    Doc 122    Filed 08/24/21    Entered 08/24/21 20:32:44    Desc Main
Document    Page 4 of 11

Page 4
Case:      Zayat Stables, LLC
Case No.:  20-20524 (VFP) (Chapter 7)
Re:        Order and Opinion Concerning Production, Use and Treatment of Debtor's ESI

Additionally, section 542(a) similarly provides that "an entity . . . in possession, custody or control during the case, of property that the trustee may use, sell or lease . . . *shall deliver to the trustee*, and account for, such property or the value of such property." 11 U.S.C. § 542(a) (emphasis supplied). Moreover, under 11 U.S.C. § 542(e) and subject to any applicable privilege, "the court may order an attorney, accountant or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." Finally, the trustee in a chapter 7 corporate case also owns and controls any privileges held by the corporate debtor. *Weintraub*, 471 U.S. at 358. Accordingly, the Stables Trustee may waive any privilege held the Stables Debtor.

Thus, the Debtor's electronically stored information on the Cloud and Other Electronic Devices (collectively, the "ESI"), including any information arguably subject to any privilage held by the Stables Debtor, is plainly and necessarily property of the Debtor's estate which is controlled by and must be "delivered" or "surrendered" to the Stables Trustee. The disputed issues that arise here are whether and to what extent purely personal information that is unrelated to the Debtor's case that is contained in the ESI may be reviewed by the Stables Trustee, his professionals and others. Mr. Zayat and the Zayat Family Members seek to limit the Stables Trustee's access to and use of the ESI by excluding many individual parties (at least 38 in total), a list which includes various Zayat Family Members, and limiting the time periods for which the ESI may be produced to and utilized by the Stables Trustee and others. Mr. Zayat and the Zayat Family Members proposed to do so either unilaterally or, in some cases, by agreement of the parties or Court Order. Additionally, Mr. Zayat and the Zayat Family Members propose a com-

Case 20-20524-VFP    Doc 122    Filed 08/24/21    Entered 08/24/21 20:32:44    Desc Main
Document    Page 5 of 11

Page 5
Case:        Zayat Stables, LLC
Case No.:    20-20524 (VFP) (Chapter 7)
Re:          Order and Opinion Concerning Production, Use and Treatment of Debtor's ESI

plicated and cumbersome review process to address items that are the subject of any dispute. See Proposed Consent Order Concerning Agreed ESI Protocol (Dkt. 115-2, ¶¶ 4-6).

The Stables Trustee and MGG, joined in by the Individual Trustee, counter that the restrictions proposed by Mr. Zayat and the Zayat Family Members are arbitrary, unnecessary, unduly complicated, contradicted by the relevant facts and contrary to law. By way of example (and not limitation), the list of excluded individuals proposed by Mr. Zayat and his Family includes Mr. Zayat's spouse, Joanne Zayat, his brother, Sherif El Zayat, and various other family members and individuals who purportedly "had no involvement in Zayat Stables." But Mrs. Zayat: (a) was party to millions of dollars in transfers to and from Stables Debtor; (b) asserted that she was senior executive at Zayat Stables for 13 years, but now claims that this is not true even though it appeared on her LinkedIn profile; (c) was involved in obtaining substantial loans for Zayat Stables; and (d) was involved in the sale of American Pharoah Breeding Rights ("AP Breeding Rights") (Dkt. No. 116, p.2).

Also sought to be excluded is Sherif El Zayat, who is the Individual Debtor's brother and lives in Egypt. Sherif El Zayat is also party to numerous transactions with the Debtor, received at least $450,000 from the Stables Debtor from 2017 to 2020, and was involved in at least two business enterprises in Egypt with the Individual Debtor (Dkt. Nos. 116 at 3; 117 at 27). Further evidencing the potential relevance of communications between Mr. Zayat and his brother is Mr. Zayat's statement in late 2019 (December 23, 2019) that he was relying "on our income and ownership (in) companies in Egypt" to support the Stables Debtor. (Dkt. No. 117-2). Additionally, Mr. Sherif El Zayat has loaned the Individual Debtor substantial sums, including $500,000 loaned immediately prior to the Individual Debtor's bankruptcy filing that was secured

Case 20-20524-VFP    Doc 122    Filed 08/24/21    Entered 08/24/21 20:32:44    Desc Main
Document    Page 6 of 11

Page 6
Case:       Zayat Stables, LLC
Case No.:   20-20524 (VFP) (Chapter 7)
Re:         Order and Opinion Concerning Production, Use and Treatment of Debtor's ESI

by a mortgage on the Individual Debtor's residence that he owns with his wife. Additional proposed exclusions included: (i) other Zayat Family Members who were involved in the Stables Debtor's business and/or selling the AP Breeding Rights that were pledged as security for MGG's $25 million loan; (ii) one of the three creditors of Stables Debtor that filed an involuntary petition against it; and (iii) another individual who had extensive dealings with the Individual Debtor and Sherif El Zayat in Egypt. (Dkt. No. 116 at 1-3). Obviously, these individuals have ties to the Stables Debtor and should not be excluded from the ESI review and production.

### B. The Exclusions and Restrictions Requested by the Debtor and the Zayat Family Members are Too Restrictive, Too Complicated, Unnecessary and Inappropriate

The Court finds no valid grounds to exclude these individuals (or the others identified by the Individual Debtor) based on either the Individual Debtor or Zayat Family Members' say so, or by allowing those parties to dispute the use of information and then require court proceedings to resolve the dispute. This case has already been marked by repeated delays in producing information and discovery, with many vigorously contested discovery motions filed, decided and/or pending. In this instance, with the Stables Debtor's case approaching its one-year anniversary, the Stables Debtor's ESI is still not available for access and use by the Stables Trustee or other interested parties. The unnecessary, cumbersome and unsupported exclusion, review and production protocols proposed by the Individual Debtor and Zayat Family Members would serve only to result in unnecessary additional delays, expense, and uncertainty to all interested parties.

In contrast, the Stables Trustee suggests a procedure that is grounded in three fundamental and important principles. First, as noted above, the ESI is property of the Debtor's estate. Put most simply, the Stables Debtor's ESI is controlled by and must be turned over to the Stables

Page 7
Case:       Zayat Stables, LLC
Case No.:   20-20524 (VFP) (Chapter 7)
Re:         Order and Opinion Concerning Production, Use and Treatment of Debtor's ESI

Trustee. In fact, the inquiry and analysis could appropriately end here with the immediate turnover of the ESI to the Stables Trustee for his full and complete access and use.

Second, the Stables Trustee is a court-appointed fiduciary who is in the best position to objectively review and, where appropriate, protect the legitimate personal and privacy concerns of the non-Debtor parties, subject to ultimate review by this Court, if necessary. *See, e.g., In re Correra,* 589 B.R. 76, 94-95 (N.D. Tex. 2018). The *Correra* case involved certain similar circumstances to this case, including the required review of ESI by experts to retrieve and attempt to restore data. In ordering the production of the subject computer and ESI, the *Correra* court first noted that the debtor's ESI and the computer on which it was stored were property of the estate and therefore subject to the trustee's control. The *Correra* court also noted that the chapter 7 trustee was an independent fiduciary and that the Order requiring the production of the computer and ESI provided for certain restrictions that protected any legitimate privacy concerns by limiting (at least initially) the persons who could review the ESI to the Trustee in that case and a small group of other parties. The same is true here.

Third, the Stables Trustee (and the Individual Trustee) have no need or reason to publicly disseminate or use personal information that has no bearing on the Stables case (or the Individual case). That information is simply not relevant and its disclosure would serve only to further delay and complicate these already complicated and delayed proceedings. Similarly, the bright line distinctions proposed by the Individual Debtor and his Family Members that would, for example, appear to prevent the Individual Debtor's Trustee from accessing and utilizing at least certain of the ESI provided to the Stables Trustee disregards the obviously close ties and relationships between the Individual Debtor, the Stables Debtor and other Zayat Family Members, including his

Page 8
Case:       Zayat Stables, LLC
Case No.:   20-20524 (VFP) (Chapter 7)
Re:         Order and Opinion Concerning Production, Use and Treatment of Debtor's ESI

immediate family and his brother, Sherif El Zayat, as described in the papers of the Stables Trustee and MGG.

For all these reasons, the Court finds that: (i) the ESI is property of the estate that must be turned over to, and is controlled, by the Stables Trustee; (ii) the Individual Debtor and Zayat Family Members' proposed exclusions and restrictions are unnecessarily complicated, restrictive and, in many cases, at least inconsistent with (if not contrary to) the facts presented to the Court; and (iv) those proposed restrictions and exclusions would also inevitably lead to further complications, disputes, delay and additional expense to all involved. Accordingly, this Court will enter this Order on the Turnover Motion on substantially the same terms as proposed by the Stables Trustee, subject to certain limited modifications that are based (in part) on the comments of the Zayat Family Members (including Mr. Zayat). The Court believes that these modifications will provide further clarity and ensure that legitimate privacy concerns are protected. The Court also agrees that the Stables Trustee, as a Court-appointed fiduciary, is in the best position to properly and objectively undertake the initial access, review, and production of the ESI of the Stables Debtor, subject to this Court's ultimate review as may be necessary. Accordingly, it is hereby

ORDERED as follows:

1. This Order shall govern all ESI collected in accordance with the process set forth in the Turnover Consent Order and all ESI contained on any of the Other Electronic Devices obtained by the Stables Trustee.

2. Immediately following the entry of this Order and subject to its terms, the Stables Trustee shall be entitled to access, review, examine, analyze, and use any of the ESI or any of

Case 20-20524-VFP    Doc 122    Filed 08/24/21    Entered 08/24/21 20:32:44    Desc Main
Document    Page 9 of 11

Page 9
Case:       Zayat Stables, LLC
Case No.:   20-20524 (VFP) (Chapter 7)
Re:         Order and Opinion Concerning Production, Use and Treatment of Debtor's ESI

the devices on which such information is found, and to instruct Epiq or any other electronic vendor of the Stables Trustee's choosing to perform searches of the ESI.

3. If the Stables Trustee encounters during the course of its review any file that reflects the purely personal information or medical or healthcare-related information of any person that does not contain or reflect any information that is relevant to this Chapter 7 proceeding, the Stables Trustee shall not use, publicly file with this Court, or disclose that document to any other person (as defined in the Bankruptcy Code), without further Court Order.

4. If the Stables Trustee encounters during the course of its review any file or document that contains attorney-client communications engaged in solely for the personal benefit or personal interests of Mr. Zayat or any other person and that do not relate in any fashion to the affairs of Zayat Stables, the Stables Trustee shall not use, publicly file with this Court or disclose those privileged materials, without further Court Order.

5. On the entry of this Order, and subject to its terms, the Stables Trustee shall also be permitted to perform other forensic analyses or reviews of the ESI or Other Electronic Devices for purposes of assessing the extent, characteristics, integrity, whereabouts, potential deletion, destruction, or modification of any such data or material (collectively, the "Integrity Analysis and Review"). The Stables Trustee shall be permitted to disclose summary results of the Integrity Analysis and Review of the ESI or Other Electronic Devices to Mr. Zayat, the other Zayat Family Members, the Individual Trustee and any creditor of the Debtor or of Mr. Zayat.

6. The Individual Trustee shall be permitted to make requests of the Stables Trustee to perform searches of, or other analyses of, the ESI or Other Electronic Devices for the purposes of investigating matters within the scope of the Individual Trustee's authority, and the Stables

Case:        Zayat Stables, LLC
Case No.:    20-20524 (VFP) (Chapter 7)
Re:          Order and Opinion Concerning Production, Use and Treatment of Debtor's ESI

---

Trustee is authorized to comply with such requests and to provide copies of the results of such searches to the Individual Trustee, all of which remain subject to the terms of this Order. The Individual Trustee shall be responsible for reimbursing this estate for the costs and fees of the requested searches and analyses.

7. MGG shall be permitted to submit requests, in writing, to obtain categories of ESI from the Stables Trustee for the purpose of investigating matters within the scope of Rule 2004 that are not directly and exclusively relevant to its existing adversary proceeding or any other litigation to which MGG and the Zayat Family Members are parties (collectively, the "MGG/Zayat Family Litigation"). Any such request shall be simultaneously delivered to Mr. Zayat and his counsel (if any), and counsel for the Zayat Family Members and the Individual Trustee. If the Stables Trustee, Mr. Zayat or any Zayat Family Member does not object to such request within five (5) business days, such information shall be provided to MGG, subject to the terms of this Order. For the purposes of clarity, to the extent any portion of any such request is not objected to, such unobjected to portion shall be provided to MGG, subject to the terms of this Order.

8. If the Stables Trustee determines that it is in the interests of the estate to disclose copies of any ESI to any third party other than in accordance with paragraphs 3-7 hereof or by way of any public filing with the Court, he shall make such disclosure in the first instance on an "Attorneys' Eyes Only" and/or *in camera* basis, with notice to any party whose interests might be implicated by the disclosure. If any objection is made to the disclosure of such materials, the parties shall seek to resolve such dispute informally. If the parties fail to resolve the dispute within five (5) business days, the parties may present the dispute to the Court for expedited

Case 20-20524-VFP    Doc 122    Filed 08/24/21    Entered 08/24/21 20:32:44    Desc Main
Document    Page 11 of 11

Page 11
Case:       Zayat Stables, LLC
Case No.:   20-20524 (VFP) (Chapter 7)
Re:         Order and Opinion Concerning Production, Use and Treatment of Debtor's ESI

resolution by way of letter briefs in lieu of a formal motion. Any such materials shall remain Attorneys' Eyes Only and/or *in camera* until the resolution of such dispute.

9. Nothing in this Order shall affect, modify, or restrict the right of any party to serve a subpoena on the Stables Trustee in accordance with the law and rules governing such process, or affect, modify, or restrict the Stables Trustee's rights or objections in responding to such subpoena. Any response by the Stables Trustee to any such subpoena shall be made subject to the terms of the Order, unless otherwise ordered by the Court or agreed to in writing by the affected parties.

10. The Individual Trustee, MGG and any other third party given access to the ESI shall be subject to the same access, review, and use limitations as are applicable to the Stables Trustee as set forth in this Order.

11. For purposes of clarity, when the term Individual Trustee or Stables Trustee are used, those terms shall include such Trustee and his counsel.

12. This Order shall be effective immediately on entry.

13. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.