| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LR 9004-2(c)**<br><br>**McCARTER & ENGLISH, LLP**<br>Clement J. Farley, Esq.<br>Geoffrey E. Lynott, Esq.<br>Phillip S. Pavlick, Esq.<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102<br>Telephone: (973) 622-4444<br>Facsimile:  (973) 624-7070<br>Email: cfarley@mccarter.com<br>          glynott@mccarter.com<br>          ppavlick@mccarter.com<br><br>*Attorneys for the Chapter 7 Trustee* |

| | |
|---|---|
| In Re:<br><br>ZAYAT STABLES, LLC,<br><br>                              Debtor. | Chapter 7<br><br>Case No.:  20-20524 (VFP) |
| JEFFREY T. TESTA, solely in his capacity as the Chapter 7 Trustee of ZAYAT STABLES, LLC<br><br>                              Plaintiff,<br><br>                vs.<br><br>RONALD STERN,<br><br>                              Defendant. | <br><br>Adv. Pro. No.: 22- _____ |

## ADVERSARY COMPLAINT

Plaintiff, Jeffrey T. Testa ("Trustee"), solely in his capacity as the duly-appointed Chapter 7 Trustee of Zayat Stables, LLC ("Debtor"), by and through his attorneys, McCarter & English,

ME1 42699406v.1

LLP, hereby alleges as and for his Adversary Complaint against Defendant, Ronald Stern ("Defendant"), as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") has subject-matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

2. The Bankruptcy Court has personal jurisdiction over Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

3. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a).

5. The predicates for the relief requested herein are from state law and §§ 544, 548, and 550 of the Bankruptcy Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## THE PARTIES

6. On September 14, 2020 ("Petition Date"), an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, "Bankruptcy Code"), was filed against the Debtor in the Bankruptcy Court.

7. The Court entered the Order for Relief on October 9, 2020.

8. On that same day, October 9, 2020, the Office of the United States Trustee for the District of New Jersey appointed Jeffrey T. Testa, Esq., as the interim Chapter 7 Trustee of the Debtor.

9. The Trustee is the duly-appointed, qualified, and serving Chapter 7 Trustee of the Debtor.

10. Upon information and belief, Defendant, Ronald Stern, resides at 514 Maitland Avenue, Teaneck, New Jersey 07666.

11. On June 7, 2019, the Debtor transferred $100,000.00 to Defendant (the "Transfer").

12. The Transfer and such other transfers that may be unknown to the Trustee constituted transfers of the Debtor's property.

13. Defendant was not an employee of the Debtor.

14. The Debtor owed no obligation to the Defendant.

## FIRST CAUSE OF ACTION
### Avoidance of Actual Fraudulent Transfer
### Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550

15. The Trustee repeats, reiterates, and realleges each and every allegation as set forth in the preceding paragraphs hereof with the same force and effect as if fully set forth herein.

16. Section 548(a)(1)(A) of the Bankruptcy Code provides that:

> (a)(l) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily –
>
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

17. The Transfer was within two years of the Petition Date.

18. At the time of the Transfer, the Debtor had more than one creditor.

19. The Debtor made the Transfer with the actual intent to hinder, delay, or defraud any and all of the Debtor's creditors.

3

20. The Transfer is avoidable within the meaning of 11 U.S.C. §548(a)(1)(A) and recoverable pursuant to 11 U.S.C. § 550.

## SECOND CAUSE OF ACTION
### Avoidance of Actual Fraudulent Transfer
### Pursuant to 11 U.S.C. §§ 544(b), 550 and N.J.S.A. 25:2-25(a)(1)

21. The Trustee repeats, reiterates, and realleges each and every allegation as set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

22. The Trustee, pursuant to 11 U.S.C. §544(b)(1), may avoid any transfer of an interest of the debtor that is voidable under state law.

23. Under N.J.S.A. 25:2-25(a)(1), a transfer is voidable as to a creditor, if the transfer was made with actual intent to hinder, delay, or defraud any creditor.

24. The Debtor made the Transfer with the actual intent to hinder, delay, or defraud any and all of the Debtor's creditors.

25. The Transfer is avoidable within the meaning of 11 U.S.C. §544(b)(1), and N.J.S.A. 25:2-25(a)(1), and recoverable pursuant to 11 U.S.C. § 550.

## THIRD CAUSE OF ACTION
### Avoidance of Constructive Fraudulent Transfer
### Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550

26. The Trustee repeats, reiterates, and realleges each and every allegation as set forth in the preceding paragraphs hereof with the same force and effect as if fully set forth herein.

27. The Trustee, pursuant to 11 U.S.C. §548(a)(1)(B), may avoid any transfer of an interest of the debtor if the debtor received less than a reasonably equivalent value in exchange for such transfer and the debtor was insolvent on the date of the transfer or became insolvent as a result of such transfer.

ME1 42699406v.1

28. The Trustee, pursuant to 11 U.S.C. § 548(a)(1)(B), may avoid any transfer of an interest of the debtor if the debtor received less than a reasonably equivalent value in exchange for such transfer and the debtor was engaged in business or a transaction for which the debtor's remaining property was unreasonably small.

29. The Transfer was made without the Debtor receiving a reasonably equivalent value in exchange and:

   a. The Debtor was insolvent or became insolvent at the time of or as a result of the Transfer being made; and/or,

   b. The Debtor was engaged in business or a transaction for which the debtor's remaining property was unreasonably small; and/or,

   c. The Debtor intended to incur, or had incurred debts, that would be beyond the debtor's ability to pay such debts.

30. At all relevant times, the Debtor was insolvent.

31. The Transfer is avoidable within the meaning of 11 U.S.C. § 548 and recoverable pursuant to 11 U.S.C. § 550.

**FOURTH CAUSE OF ACTION**
**Avoidance of Constructive Fraudulent Transfer**
**Pursuant to 11 U.S.C. §§ 544(b), 550 and N.J.S.A. 25:2-25(a)(2)**

32. The Trustee repeats, reiterates, and realleges each and every allegation as set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

33. The Trustee, pursuant to 11 U.S.C. §544(b)(1), may avoid any transfer of an interest of the debtor that is voidable under state law.

34. Under N.J.S.A. 25:2-25(a)(2), a transfer is voidable if the transfer was made without the debtor receiving a reasonably equivalent value in exchange, and the debtor:

      a. Was engaged in business or a transaction where the remaining assets would be unreasonably small to the business; or

      b. Intended to incur debts beyond the debtor's ability to pay.

35. The Transfer was made without the Debtor receiving a reasonably equivalent value in exchange and:

      a. The Debtor was engaged in business where the remaining assets would be unreasonably small to the business; and/or,

      b. The Debtor intended to incur debts beyond the Debtor's ability pay such debts.

36. At all relevant times, the Debtor was insolvent.

37. The Transfer is avoidable within the meaning of 11 U.S.C. §544(b)(1), and collectively N.J.S.A. 25:2-25(a)(2), and recoverable pursuant to 11 U.S.C. § 550.

**FIFTH CAUSE OF ACTION**
**Avoidance of Constructive Fraudulent Transfer**
**Pursuant to 11 U.S.C. §§ 544(b), 550 and N.J.S.A. 25:2-27(a)**

38. The Trustee repeats, reiterates, and realleges each and every allegation as set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

39. The Trustee, pursuant to 11 U.S.C. §544(b)(1), may avoid any transfer of an interest of the debtor that is voidable under state law.

40. Under both N.J.S.A. 25:2-27(a), a transfer is fraudulent as to a creditor whose claim arose before the transfer occurred and the debtor did not receive a reasonably equivalent value in exchange for the transfer, and the debtor was insolvent at the time of the transfer, or as a result of the transfer.

41. The Transfer was made without the Debtor receiving a reasonably equivalent value in exchange.

42. The Transfer was made after certain creditors' claims arose.

43. At the time of the Transfer, the Debtor was insolvent, or became insolvent as a result of the Transfer.

44. The Transfer is avoidable within the meaning of 11 U.S.C. § 544(b)(1), and collectively N.J.S.A. 25:2-27(a), and recoverable pursuant to 11 U.S.C. § 550.

### SIXTH CAUSE OF ACTION
### Unjust Enrichment

45. The Trustee repeats, reiterates, and realleges each and every allegation as set forth in the preceding paragraphs with the same force and effect as if fully set forth herein.

46. By the wrongful acts and omissions specifically set forth herein, Defendant was unjustly enriched at the expense of and to the detriment of the Debtor.

47. Defendant was unjustly enriched without justification as a result of receiving the Transfer and obtaining pecuniary benefits in connection therewith.

48. The Debtor has been damaged by Defendant's unjust enrichment.

49. The Trustee, as a representative of the Debtor, seeks restitution from Defendant.

**WHEREFORE**, for the foregoing reasons, the Trustee respectfully requests entry of a Judgment against the Defendant as follows:

A. On the First through Fifth Causes of Action, as against Ronald Stern for the transfer of $100,000.00;

B. On the Sixth Cause of Action, as against Ronald Stern for unjust enrichment;

C. Awarding the Trustee his attorney's fees, costs and other expenses incurred in this action; and

D. On each Cause of Action, granting the Trustee such other and further relief as the Court may deem appropriate and just.

Dated: October 8, 2022

          **MCCARTER & ENGLISH, LLP**
          *Attorneys for Chapter 7 Trustee*

By:    */s/ Clement J. Farley*
        Clement J. Farley, Esq.
        Geoffrey E. Lynott, Esq.
        Phillip S. Pavlick, Esq.
        Four Gateway Center
        100 Mulberry Street
        Newark, NJ 07102
        Telephone: (973) 622-4444
        Facsimile:  (973) 624-7070
        Email: cfarley@mccarter.com
              glynott@mccarter.com
              ppavlick@mccarter.com